UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT TORRE, JR., | ) |
|     Plaintiff | ) ) ) ) |
| v. | )    2:25-cv-00342-NT |
| STATE OF MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) ) |
|     Defendants | ) ) |

## RECOMMENDED DECISION ON
## MOTION FOR TEMPORARY RESTRAINING ORDER

In this action, Plaintiff complains about state criminal charges against him and the State's removal of his two minor children from him and the children's mother. Plaintiff seeks a temporary restraining order that restores the parents' contact rights with their children, prohibits the State from further involvement with the family, and stays all state court criminal and child protective proceedings. (Motion for Temporary Restraining Order, ECF No. 10.) Following a review of the record and after consideration of Plaintiff's filings, I recommend the Court deny the motion.

### BACKGROUND

Plaintiff alleges that in October 2023, agents of the State of Maine, including representatives of child protective services, unlawfully entered his home and removed his minor children from his custody. Plaintiff also asserts that the State improperly initiated criminal proceedings against him. In June 2025, a state trial court entered an order

terminating Plaintiff's parental rights. Plaintiff, through his attorney, has appealed to the from the order to the Maine Supreme Judicial Court.

## DISCUSSION

Plaintiff did not sign the motion or any of the related filings. Lynn Torre signed the filings as power of attorney for Plaintiff. A court is not "vested with jurisdiction" to consider pleadings signed by a non-lawyer on behalf of another person. *Jones v. Fletcher*, No. Civ.A.05CV07-JMH, 2005 WL 1175960, at *4 (E.D. Ky May 5, 2005) (citing *Velasco v. Lamanna*, 16 Fed. Appx. 311 (6th Cir. 2001); *see also*, *Alexander v. Tyson*, No. 3:11CV710 SRU, 2013 WL 1798896, at *3 (D. Conn. Apr. 29, 2013) (noting that caution is generally warranted before sua sponte dismissal of pro se pleadings before service of process but concluding that dismissal was proper when a pro se plaintiff lacked authority to represent the estate). Lynn Torre is not an attorney licensed to practice before this Court. In addition, "the holder of a power of attorney is not authorized to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) (citing *Estate of Keatinge v. Biddle*, 2002 ME 21, ¶ 14, 789 A.2d 1271, 1275); *see also Williams v. United States*, 477 Fed. App'x 9, 11 (3rd Cir. 2012) ("[Plaintiff's] power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court"). Because the motion and the other relevant filings were signed by a person not authorized to appear in court on behalf of Plaintiff, the Court cannot entertain Plaintiff's request for relief.

Even if the Court were to consider Plaintiff's request for immediate injunctive relief, Plaintiff has not demonstrated that he is entitled to the relief. Generally, the distinction

2

between a temporary restraining order and a preliminary injunction is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, a temporary restraining order requires a finding that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Although Plaintiff's filings allege constitutional violations, the filings likely lack sufficient facts to support a constitutional claim. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard."). Because Plaintiff has likely not alleged an actionable claim, Plaintiff is not entitled to the injunctive relief he seeks.

*See New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). ("The sine qua non of th[e] four-part inquiry [for injunctive relief] is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.").

Furthermore, given the nature of Plaintiff's claim, the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), would likely preclude Plaintiff from proceeding in federal court. *Younger* requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015).

In addition to state criminal proceedings, the Supreme Court and the First Circuit have concluded that *Younger* applies to state government child custody actions like the one Plaintiff describes. *See Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). Plaintiff has not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome the abstention mandated by *Younger*. For example, Plaintiff has not demonstrated through nonconclusory allegations that the state court has refused to permit him to raise his federal claims in that

4

forum. *See McLeod v. Maine Department of Health and Human Services*, 229 F.3d 1133, 2000 WL 869512 at *1, (1st Cir. 2000) ("Appellant has not alleged facts showing that the state court is somehow incapable of adjudicating this matter including the federal issues, nor has she alleged an injury that is different than that incidental to every child protection proceeding" where state officers act in good faith) (quotation marks and modifications omitted). Abstention, therefore, would likely be required on any claims that implicate pending state court matters.

To the extent that Plaintiff references state court proceedings which have become final, Plaintiff's claims are also likely barred. "[T]he domestic relations exception to federal court jurisdiction . . . prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees,'" *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), and "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

In sum, Plaintiff is not entitled to the immediate injunctive relief that he seeks.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for a temporary restraining order.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of July, 2025.