UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VINCENT TORRE, JR., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )  2:25-cv-00342-NT |
| | ) |
| STATE OF MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION TO PROCEED
AS NEXT FRIEND AND RECOMMENDED DECISION
AFTER REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and additional documents in which he alleges that Defendants' actions in state criminal and child protection actions violated his constitutional rights. (Complaint, ECF No. 1; Additional Attachments, ECF No. 9.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees. (Motion, ECF No. 5.) Because Plaintiff did not sign the motion or any of the other documents, the Court denied the motion without prejudice.[1] (Order, ECF No. 12.)

Following a review of Plaintiffs' filings, because Plaintiff has not paid the filing fee or submitted a complete signed request to proceed without prepayment of fees, and because Plaintiff has in any event failed to allege an actionable claim, I recommend the Court

---

[1] Plaintiff's filings were signed by Lynn Torre, who purported to sign the documents as Plaintiff's power of attorney.

dismiss the matter. I also deny Plaintiff's motion for leave for Lynn Torre to proceed as next friend of Plaintiff. (Motion, ECF No. 15.)

## BACKGROUND

Plaintiff alleges that in October 2023, agents of the State of Maine, including representatives of child protective services, unlawfully entered his home and removed his minor children from his custody. Plaintiff also asserts that the State improperly initiated criminal proceedings against him. In June 2025, a state trial court entered an order terminating Plaintiff's parental rights. Plaintiff, through his attorney, has appealed from the order to the Maine Supreme Judicial Court.

## DISCUSSION

First, Plaintiff's failure to pay the filing fee or file an appropriate application to proceed without prepayment of fees constitutes grounds for dismissal. Furthermore, Plaintiff's failure to sign the complaint and related documents is also grounds for dismissal.

As noted above, Lynn Torre signed the filings as power of attorney for Plaintiff. As I explained in the Recommended Decision on Plaintiff's motion for temporary restraining order:

> A court is not "vested with jurisdiction" to consider pleadings signed by a non-lawyer on behalf of another person. *Jones v. Fletcher*, No. Civ.A.05CV07-JMH, 2005 WL 1175960, at *4 (E.D. Ky May 5, 2005) (citing *Velasco v. Lamanna*, 16 Fed. Appx. 311 (6th Cir. 2001); *see also*, *Alexander v. Tyson*, No. 3:11CV710 SRU, 2013 WL 1798896, at *3 (D. Conn. Apr. 29, 2013) (noting that caution is generally warranted before sua sponte dismissal of pro se pleadings before service of process but concluding that dismissal was proper when a pro se plaintiff lacked authority to represent the estate). Lynn Torre is not an attorney licensed to practice before this Court. In addition, "the holder of a power of attorney is not authorized to appear pro se on behalf of the grantor." *Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) (citing

> *Estate of Keatinge v. Biddle*, 2002 ME 21, ¶ 14, 789 A.2d 1271, 1275); *see also Williams v. United States*, 477 Fed. App'x 9, 11 (3rd Cir. 2012) ("[Plaintiff's] power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court").

(Recommended Decision at 2, ECF No. 11.)

After I issued the Recommended Decision, Plaintiff, through Lynn Torre, filed a motion seeking leave for Lynn Torre to proceed as next friend of Plaintiff. An exception to the general rule prohibiting a non-lawyer from representing another person's interests in federal court permits "next friends" to file habeas corpus petitions "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). A next friend must also be "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate and . . . must have some significant relationship with the real party in interest." *Id.* at 163–64 (citations omitted). Some courts have extended the "next friend" doctrine "outside the habeas corpus context on behalf of infants, other minors, and adult mental incompetents," but the Supreme Court has not done so. *Id.* at 163 n.4. The doctrine does not assist Plaintiff in this case because the filings are insufficient to establish that Plaintiff is incompetent or otherwise unable to sign the documents and file them himself or with assistance. In fact, Plaintiff signed a letter recently and filed it by mailing it to the Court from the Cumberland County Jail. (Letter, ECF No. 18.) Because the complaint and

3

the other relevant filings were signed by a person not authorized to appear in court on behalf of Plaintiff, the Court lacks jurisdiction to consider Plaintiff's complaint.[2]

Even if the Court were to consider Plaintiff's claim, Plaintiff's filings lack sufficient facts to support a constitutional claim. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard."); *Legal Sea Foods, LLC v. Strathmore Insurance Co.*, 36 F.4th 29, 34 (1st Cir. 2022) (internal citations and quotation marks omitted) ("We credit neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.").

In addition, given the nature of Plaintiff's claim, the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), precludes Plaintiff from proceeding in federal court. *Younger* requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially

---

[2] "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

conclusive claim of [federal] preemption." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015).

In addition to state criminal proceedings, the Supreme Court and the First Circuit have concluded that *Younger* applies to state government child custody actions like the one Plaintiff describes. *See Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). Plaintiff has not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome the abstention mandated by *Younger*. For example, Plaintiff has not demonstrated through nonconclusory allegations that the state court has refused to permit him to raise his federal claims in that forum. *See McLeod v. Maine Department of Health and Human Services*, 229 F.3d 1133, 2000 WL 869512 at *1, (1st Cir. 2000) ("Appellant has not alleged facts showing that the state court is somehow incapable of adjudicating this matter including the federal issues, nor has she alleged an injury that is different than that incidental to every child protection proceeding" where state officers act in good faith) (quotation marks and modifications omitted). Abstention, therefore, would likely be required on any claims that implicate pending state court matters.

To the extent that Plaintiff references state court proceedings which have become final, Plaintiff's claims are also barred. "[T]he domestic relations exception to federal court jurisdiction . . . prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees,'" *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), and "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought

by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

## CONCLUSION

Based on the foregoing analysis, I deny Plaintiff's motion for leave to proceed by next friend (ECF No. 15). In addition, given the Court's lack of jurisdiction and the lack of sufficient facts to support a federal claim, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

Any objections to the order on the motion for leave to proceed as next friend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                              /s/ John C. Nivison
                                              U.S. Magistrate Judge

Dated this 31st day of July, 2025.